# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:16–cv–01072–BCW
### *Internal Use Only*

Cook v. United States
Assigned to: District Judge Brian C. Wimes
 related Case:  4:10–cr–00244–BCW–2
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 10/04/2016
Date Terminated: 09/28/2020
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Movant**

**Bradley Cook**   represented by   **Kathryn Parish**
Carlyle Parish, LLC
3407 Jefferson
Ste #128
Saint Louis, MO 63118
314–277–7670
Email: kay@carlyleparishlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Elizabeth Unger Carlyle**
6320 Brookside Plaza #516
Kansas City, MO 64113
(816)525–6540
Fax: (866)764–1249
Email: elizabeth@carlyleparishlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Respondent**

**United States**   represented by   **Paul S. Becker**
United States Attorney's Office–KCMO
400 E 9th Street
Suite 5510
Kansas City, MO 64106
(816)426–3122
Fax: (816)426–3126
Email: paul.becker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David Wagner**
United States Attorney's Office–KCMO
400 E 9th Street

Suite 5510
Kansas City, MO 64106
816–426–3122
Email: david.wagner@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/04/2016 | 1 | | PETITION for Writ of Habeas Corpus filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Filing fee $5, receipt number 0866–5012871. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Carlyle, Elizabeth) (Entered: 10/04/2016) |
| 10/11/2016 | 2 | | NOTICE of appearance by Paul S. Becker on behalf of United States (Attorney Paul S. Becker added to party United States(pty:res))(Becker, Paul) (Entered: 10/11/2016) |
| 10/27/2016 | 3 | | ORDER TO SHOW CAUSE – Within thirty (30) days from the date of this Order, the Respondent shall show cause why the relief sought should not be granted.Show Cause Response due by 11/28/2016. Signed on 10/27/2016 by District Judge Dean Whipple. (Willis, Kathy) (Entered: 10/27/2016) |
| 10/31/2016 | 4 | | MOTION for order re 1 Petition for Writ of Habeas Corpus, filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 11/17/2016 unless otherwise directed by the court. (Related document(s) 1 ) (Becker, Paul) (Entered: 10/31/2016) |
| 11/16/2016 | 5 | | NOTICE of appearance by Kathryn Parish on behalf of Bradley Cook (Attorney Kathryn Parish added to party Bradley Cook(pty:mov))(Parish, Kathryn) **Modified on 11/16/2016:** Main Document 5 replaced on 11/16/2016 on request of filing counsel. NEF regenerated. (Melvin, Greg) (Entered: 11/16/2016) |
| 11/16/2016 | 6 | | SUGGESTIONS in opposition re 4 MOTION for order re 1 Petition for Writ of Habeas Corpus, filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. Reply suggestions due by 12/5/2016 unless otherwise directed by the court (Attachments: # 1 Exhibit Formal Opinion)(Related document(s) 4 ) (Carlyle, Elizabeth) (Entered: 11/16/2016) |
| 11/28/2016 | 7 | | MOTION for extension of time to file response/reply as to 3 Order to Show Cause, filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 12/15/2016 unless otherwise directed by the court. (Related document(s) 3 ) (Becker, Paul) (Entered: 11/28/2016) |
| 11/28/2016 | 8 | | ORDER – The Government's Motion for Extension of Time to File its Response to Defendant's Petition (Doc. 7) is GRANTED. The deadline for the Government to file its response is extended to January 27, 2017. Signed on 11/28/16 by District Judge Dean Whipple. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 11/28/2016) |
| 12/08/2016 | 9 | | MOTION for order *disqualifiying AUSA Paul Becker* filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by |

| | | | |
|---|---|---|---|
| | | | 12/22/2016 unless service is made pursuant to <u>FRCP 5</u> or as otherwise directed by the court. (Carlyle, Elizabeth) (Entered: 12/08/2016) |
| 12/14/2016 | <u>10</u> | | ORDER – The Governments Motion for Order (Doc. <u>4</u> ) is GRANTED. Petitioners request for alternative relief and/or discovery (Doc. <u>6</u> , p. 7–8) is DENIED.Within thirty (30) days from the date of this Order, Carter Collins Law and Lance Sandage shall provide to the Government information, documents, and/or an affidavit that specifically respond to the ineffective assistance of counsel claims that Petitioner has asserted in this § 2255 case. Signed on 12/14/2016 by District Judge Dean Whipple. (Willis, Kathy) (Entered: 12/14/2016) |
| 12/21/2016 | <u>11</u> | | SUGGESTIONS in opposition re <u>9</u> MOTION for order *disqualifiying AUSA Paul Becker* filed by Paul S. Becker on behalf of Respondent United States. Reply suggestions due by 1/4/2017 unless service is made pursuant to <u>FRCP 5</u> or as otherwise directed by the court. (Related document(s) <u>9</u> ) (Becker, Paul) (Entered: 12/21/2016) |
| 01/04/2017 | <u>12</u> | | REPLY SUGGESTIONS to motion re <u>9</u> MOTION for order *disqualifiying AUSA Paul Becker* filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. (Related document(s) <u>9</u> ) (Carlyle, Elizabeth) (Entered: 01/04/2017) |
| 01/18/2017 | <u>13</u> | | ORDER – Petitioners Motion to Disqualify Assistant United States Attorney Paul Becker (DOC. <u>9</u> ) is DENIED. Signed on 01/18/2017 by District Judge Dean Whipple. (Willis, Kathy) (Entered: 01/18/2017) |
| 01/27/2017 | <u>14</u> | | MOTION for extension of time to file response/reply as to <u>1</u> Petition for Writ of Habeas Corpus, filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 2/10/2017 unless otherwise directed by the court. (Related document(s) <u>1</u> ) (Becker, Paul) (Entered: 01/27/2017) |
| 02/13/2017 | 15 | | ORDER – The Government's Second Motion for Extension of Time to File its Response to Petitioner's Petition (Doc. <u>14</u> ) is GRANTED. The Government shall file its response on or before March 27, 2017. Signed on 02/13/2017 by District Judge Dean Whipple. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span>(Willis, Kathy) (Entered: 02/13/2017) |
| 03/24/2017 | <u>16</u> | | Third MOTION for extension of time to file response/reply as to <u>1</u> Petition for Writ of Habeas Corpus, filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 4/7/2017 unless otherwise directed by the court. (Related document(s) <u>1</u> ) (Becker, Paul) (Entered: 03/24/2017) |
| 04/10/2017 | 17 | | ORDER – The Government's Third Motion for Extension of Time to File its Response to Petitioner's Petition (Doc. <u>16</u> ) is GRANTED for good cause shown and as unopposed. The Government shall file its response on or before April 26, 2017. Signed on 04/10/2017 by District Judge Dean Whipple. <span style="color:red">This is a TEXT ONLY ENTRY. No document is attached.</span>(Willis, Kathy) (Entered: 04/10/2017) |
| 04/25/2017 | <u>18</u> | | NOTICE of filing *Government's Response and Suggestions in Opposition to Movant's Motion Under <u>28 U.S.C. § 2255</u>* by United States re 17 Order on Motion for Extension of Time to File Response/Reply, <u>1</u> Petition for Writ of Habeas Corpus, (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Becker, Paul) (Entered: 04/25/2017) |

| 04/26/2017 | 19 | | ORDER OF RECUSAL – District Judge Dean Whipple is recused from this criminal case and related civil case. The Clerk of Court is directed to reassign both cases to another judge for all further proceedings. Signed on 04/26/2017 by District Judge Dean Whipple. (Willis, Kathy) (Entered: 04/26/2017) |
|---|---|---|---|
| 04/28/2017 | 20 | | NOTICE OF REASSIGNMENT. This case is reassigned to District Judge Brian C. Wimes for all further proceedings. **Please note the new case number: 4:16–01072–CV–W–BCW.** This is a TEXT ONLY ENTRY. No document is attached. (Jones, Robin) (Entered: 04/28/2017) |
| 05/03/2017 | 21 | | Consent MOTION for extension of time to file response/reply as to 18 Notice of filing, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 5/17/2017 unless otherwise directed by the court. (Related document(s) 18 ) (Carlyle, Elizabeth) (Entered: 05/03/2017) |
| 05/08/2017 | 22 | | IT IS ORDERED Petitioner's Motion for Extension of Time to File Traverse (Doc. #21) is, with the Government having no objection, GRANTED. Petitioner shall file his traverse on or before **June 8, 2017.** Signed on 5/8/17 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached.(Baldwin, Joella) (Entered: 05/08/2017) |
| 06/03/2017 | 23 | | Consent MOTION for extension of time to file response/reply as to 18 Notice of filing, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 6/19/2017 unless otherwise directed by the court. (Related document(s) 18 ) (Carlyle, Elizabeth) (Entered: 06/03/2017) |
| 06/12/2017 | 24 | | IT IS ORDERED Petitioner's Motion for Extension of Time to File Traverse (Doc. #23) is, with Respondent having no objection, GRANTED. Petitioner shall file his traverse on or before **July 10, 2017.** Signed on 6/12/17 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached.(Baldwin, Joella) (Entered: 06/12/2017) |
| 07/03/2017 | 25 | | Consent MOTION for extension of time to file response/reply as to 18 Notice of filing, *Government's Response* filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 7/17/2017 unless otherwise directed by the court. (Related document(s) 18 ) (Carlyle, Elizabeth) (Entered: 07/03/2017) |
| 07/13/2017 | 26 | | IT IS ORDERED Petitioner's Motion for Extension of Time to File Traverse (Doc. #25) is, with Respondent having no objection, GRANTED. Petitioner shall file his traverse on or before **August 9, 2017.** Signed on 7/13/17 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached.(Baldwin, Joella) (Entered: 07/13/2017) |
| 08/04/2017 | 27 | | MOTION for discovery filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 8/18/2017 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Carlyle, Elizabeth) (Entered: 08/04/2017) |
| 08/08/2017 | 28 | | MOTION for extension of time to file response/reply as to 18 Notice of filing, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 8/22/2017 unless otherwise directed by the court. (Related document(s) 18 ) (Carlyle, Elizabeth) (Entered: 08/08/2017) |

| 08/11/2017 | 29 | | SUGGESTIONS in opposition re 27 MOTION for discovery filed by Paul S. Becker on behalf of Respondent United States. Reply suggestions due by 8/25/2017 unless otherwise directed by the court. (Related document(s) 27 ) (Becker, Paul) (Entered: 08/11/2017) |
|---|---|---|---|
| 08/17/2017 | 30 | | REPLY SUGGESTIONS to motion re 27 MOTION for discovery filed by Kathryn Parish on behalf of Movant Bradley Cook. (Related document(s) 27 ) (Parish, Kathryn) (Entered: 08/17/2017) |
| 08/24/2017 | 31 | | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 9/1/2017 at 10:00 a.m., before District Judge Brian C. Wimes. Parties have been provided the conference call–in numbers via e–mail this date.(Baldwin, Joella) (Entered: 08/24/2017) |
| 09/01/2017 | 32 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: TELEPHONE CONFERENCE held on 9/1/2017; order to issue. Time in court: 10:00 a.m. to 10:15 a.m.To order a transcript of this hearing please contact Denise Halasey, 816–512–5657. (Baldwin, Joella) (Entered: 09/01/2017) |
| 09/05/2017 | 33 | | IT IS ORDERED Petitioner's Motion for Discovery (Doc. #27) and Motion for Extension of Time to File Traverse (Doc. #28) are, consistent with the Court's rulings on the record during the September 1, 2017 telephone conference, GRANTED. Petitioner is granted leave of court to issue a subpoena duces tecum to Sprint Corporate Security for the records described in the motion attachment (Doc. #27–1). Additionally, Respondent shall produce the electronic evidence described as Items 1–26 in Petitioner's motion for discovery as soon as practicable. Finally, Petitioner shall file a traverse to the petition for post–conviction relief on or before **October 2, 2017.** Signed on 9/5/17 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached.(Baldwin, Joella) (Entered: 09/05/2017) |
| 10/02/2017 | 34 | | TRAVERSE by Bradley Cook . (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Carlyle, Elizabeth) (Entered: 10/02/2017) |
| 06/17/2019 | 35 | | ORDERED Cooks Petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. #1) is DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART. The petition is denied with respect to all bases raised, with the exception of Cooks claim for prosecutorial misconduct as it relates to the two recorded telephone calls between Cook and trial counsel. The Court takes this claim under advisement and will schedule the issue for evidentiary hearing. Scheduling teleconference set on Monday, July 8, 2019 at 10:30 a.m. before District Judge Brian C. Wimes. The parties are asked to call: **877–336–1839; access code: 6328169** to participate in the conference. Signed on 6/17/19 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 06/17/2019) |
| 07/08/2019 | 36 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: TELEPHONE CONFERENCE held on 7/8/2019. Evidentiary Hearing set for 11/22/2019 10:00 AM in Courtroom 7D, Kansas City (BCW) before District Judge Brian C. Wimes Time in court: 10:30 a.m. to 10:40 a.m. To order a transcript of this hearing please contact Denise Halasey, 816–512–5657, denise_halasey@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No |

| | | | |
|---|---|---|---|
| | | | document is attached. (Baldwin, Joella) (Entered: 07/08/2019) |
| 09/16/2019 | 37 | | MOTION for reconsideration *of Order Denying Petition in Part* filed by Kathryn Parish on behalf of Bradley Cook. Suggestions in opposition/response due by 9/30/2019 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit 1 – Declaration of Greg Chatten, # 2 Exhibit Exhibit 2 – Motion to Dismiss)(Parish, Kathryn) (Entered: 09/16/2019) |
| 09/26/2019 | 38 | | MOTION for extension of time to file response/reply as to 37 MOTION for reconsideration *of Order Denying Petition in Part* filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 10/10/2019 unless otherwise directed by the court. (Related document(s) 37 ) (Becker, Paul) (Entered: 09/26/2019) |
| 10/11/2019 | 39 | | ORDERED Respondent's motion for extension of time (Doc. #38) is GRANTED. Respondent shall file opposition suggestions on or before October 15, 2019. Signed on 10/10/2019 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 10/11/2019) |
| 10/11/2019 | 40 | | Second MOTION for extension of time to file response/reply as to 37 MOTION for reconsideration *of Order Denying Petition in Part* filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 10/25/2019 unless otherwise directed by the court. (Related document(s) 37 ) (Becker, Paul) (Entered: 10/11/2019) |
| 10/21/2019 | 41 | | ORDERED Respondent's second motion for extension of time (Doc. #40) is GRANTED. Respondent shall respond to motion to reconsider (Doc. #37) on or before October 22, 2019. Signed on 10/21/2019 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 10/21/2019) |
| 10/22/2019 | 42 | | SUGGESTIONS in opposition re 37 MOTION for reconsideration *of Order Denying Petition in Part* filed by Paul S. Becker on behalf of Respondent United States. Reply suggestions due by 11/5/2019 unless otherwise directed by the court. (Related document(s) 37 ) (Becker, Paul) (Entered: 10/22/2019) |
| 11/05/2019 | 43 | | Consent MOTION for extension of time to file response/reply as to 42 Suggestions in Opposition to Motion, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 11/19/2019 unless otherwise directed by the court. (Related document(s) 42 ) (Carlyle, Elizabeth) (Entered: 11/05/2019) |
| 11/06/2019 | 44 | | ORDERED Petitioner's motion for extension of time to reply (Doc. #43) is, with Respondent having no objection, GRANTED. Signed on 11/6/2019 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 11/06/2019) |
| 11/12/2019 | 45 | | Consent MOTION to continue *evidentiary hearing* filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 11/26/2019 unless otherwise directed by the court. (Carlyle, Elizabeth) (Entered: 11/12/2019) |
| 11/13/2019 | 46 | | NOTICE of appearance by David Wagner on behalf of United States (Attorney David Wagner added to party United States(pty:res))(Wagner, David) (Entered: 11/13/2019) |

| | | | |
|---|---|---|---|
| 11/14/2019 | 47 | | ORDERED Petitioner's Motion for Continuance of Evidentiary Hearing (Doc. #45) is, with Respondent having no objection, GRANTED. The evidentiary hearing set on November 22, 2019 is vacated. The evidentiary hearing is scheduled for February 7, 2020 at 10:00 a.m. at the United States Courthouse in Kansas City, Missouri. Signed on 11/14/2019 by District Judge Brian C. Wimes.  This is a TEXT ONLY ENTRY. No document is attached. (Entered: 11/14/2019) |
| 11/15/2019 | 48 | | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Evidentiary Hearing set for 2/7/2020 10:00 AM in Courtroom 7D, Kansas City (BCW) before District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 11/15/2019) |
| 11/19/2019 | <u>49</u> | | REPLY SUGGESTIONS to motion re <u>37</u> MOTION for reconsideration *of Order Denying Petition in Part* filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. (Related document(s) <u>37</u> ) (Carlyle, Elizabeth) (Entered: 11/19/2019) |
| 01/06/2020 | <u>50</u> | | MOTION to continue *February 7, 2020 hearing* filed by Paul S. Becker on behalf of United States. Suggestions in opposition/response due by 1/21/2020 unless otherwise directed by the court. (Becker, Paul) Modified on 1/14/2020 to terminate motion – see Doc. 51 resetting hearing. (Baldwin, Joella). (Entered: 01/06/2020) |
| 01/14/2020 | 51 | | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. ORDERED granting <u>50</u> – Evidentiary Hearing RESET for 3/6/2020 10:00 AM in Courtroom 7D, Kansas City (BCW) before District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 01/14/2020) |
| 02/10/2020 | <u>52</u> | | MOTION for discovery *and accelerated briefing* filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 2/24/2020 unless otherwise directed by the court. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Carlyle, Elizabeth) (Entered: 02/10/2020) |
| 02/24/2020 | 53 | | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Status Teleconference set for 2/25/2020 at 10:00 a.m., before District Judge Brian C. Wimes. The parties are asked to call: 877–336–1839; access code: 6328169 to participate in the conference.(Baldwin, Joella) (Entered: 02/24/2020) |
| 02/24/2020 | <u>54</u> | | SUGGESTIONS in opposition re <u>52</u> MOTION for discovery *and accelerated briefing* filed by Paul S. Becker on behalf of Respondent United States. Reply suggestions due by 3/9/2020 unless otherwise directed by the court. (Attachments: # <u>1</u> Exhibit A)(Related document(s) <u>52</u> ) (Becker, Paul) (Entered: 02/24/2020) |
| 02/24/2020 | <u>55</u> | | REPLY SUGGESTIONS to motion re <u>52</u> MOTION for discovery *and accelerated briefing* filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. (Related document(s) <u>52</u> ) (Carlyle, Elizabeth) (Entered: 02/24/2020) |
| 02/25/2020 | 56 | | **AMENDED** NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Upon agreement of the parties, Status Teleconference is RESET for 2/26/2020 at 1:30 |

| | | | |
|---|---|---|---|
| | | | p.m. before District Judge Brian C. Wimes. The parties are asked to call: 877–336–1839; access code: 6328169 to participate in the conference.(Baldwin, Joella) (Entered: 02/25/2020) |
| 02/26/2020 | 57 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: STATUS TELECONFERENCE held on 2/26/2020. Counsel appearing for Plaintiff(s): Kathryn Parish and Elizabeth Carlyle. Counsel appearing for Defendant(s): Paul Becker and David Wagner. Time in court: 1:31 p.m. to 1:36 p.m.. To order a transcript of this hearing please contact Denise Halasey, 816–512–5657, denise_halasey@mow.uscourts.gov.  This is a TEXT ONLY ENTRY. No document is attached. (Baldwin, Joella) (Entered: 02/26/2020) |
| 02/28/2020 | 58 | | NOTICE of filing *Memorandum of Law Regarding Recordings of Attorney–Client Jail Calls* by United States (Wagner, David) (Entered: 02/28/2020) |
| 03/03/2020 | 59 | | ORDERED Petitioner Bradley Cooks Motion to Reconsider Order Denying Relief and Evidentiary Hearing (Doc. #37) IS DENIED WITHOUT PREJUDICE. It is further ORDERED Petitioners Motion for Discovery (Doc. #52) IS DENIED. Signed on 3/3/2020 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 03/03/2020) |
| 03/04/2020 | 60 | | PROPOSED EXHIBIT LIST *for Evidentiary Hearing* by United States. (Becker, Paul) (Entered: 03/04/2020) |
| 03/06/2020 | 61 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: EVIDENTIARY HEARING held on 3/6/2020. Time in court: 10:02 a.m. to 12:27 p.m. To order a transcript of this hearing please contact Denise Halasey, 816–512–5657, denise_halasey@mow.uscourts.gov. (Baldwin, Joella) (Entered: 03/06/2020) |
| 03/06/2020 | 62 | | EXHIBIT INDEX by Bradley Cook. (Baldwin, Joella) (Entered: 03/06/2020) |
| 03/06/2020 | 63 | | EXHIBIT INDEX by United States. (Baldwin, Joella) (Entered: 03/06/2020) |
| 03/09/2020 | 64 | | PROPOSED WITNESS LIST by Bradley Cook . (Carlyle, Elizabeth) (Entered: 03/09/2020) |
| 03/30/2020 | 65 | | ELECTRONIC TRANSCRIPT of Evidenciary held 3/6/2020 before Judge Brian C. Wimes. Court Reporter: Denise Halasey, 816–512–5657, denise_halasey@mow.uscourts.gov. Number of pages: 91. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. Notice of Intent to File Redaction of Transcripts due by 4/6/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 6/29/2020.**(Halasey, Denise) (Main Document 65 replaced on 9/29/2020) (Halasey, Denise). (Main Document 65 replaced on 9/29/2020) (Halasey, Denise). (Entered: 03/30/2020) |
| 04/06/2020 | 66 | | MOTION for extension of time *to file Posthearing Briefing* filed by Kathryn Parish on behalf of Bradley Cook. Suggestions in opposition/response due by |

| | | |
|---|---|---|
| | | 4/20/2020 unless otherwise directed by the court. (Parish, Kathryn) (Entered: 04/06/2020) |
| 04/08/2020 | 67 | ORDERED Petitioner's Motion for Extension of Time to File Posthearing Briefing (Doc. #66) is, with Respondent having no objection, GRANTED. Petitioner shall file his posthearing brief on or before April 20, 2020. In the future, motions of this type should be filed at least three days prior to the filing deadline established by rule or Court order. Signed on 4/8/2020 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 04/08/2020) |
| 04/20/2020 | 68 | Post SUPPLEMENT *Post–Hearing Brief*. (Related document(s) 1 ) (Carlyle, Elizabeth) (Entered: 04/20/2020) |
| 05/01/2020 | 69 | NOTICE of filing *Response to Bradley Cook's Post–Hearing Brief* by United States re 68 Supplement (Attachments: # 1 Exhibit A)(Wagner, David) (Entered: 05/01/2020) |
| 05/15/2020 | 70 | SUPPLEMENT *Reply Post–Hearing Brief*. (Related document(s) 1 ) (Carlyle, Elizabeth) (Entered: 05/15/2020) |
| 09/28/2020 | 71 | ORDER on Motion to Vacate, Set Aside or Correct Sentence (2255). Petitioner's § 2255 claim for violation of due process based on prosecutorial misconduct and/or a violation of the Sixth Amendment is **DENIED**. It is further ORDERED the Court incorporates its previous order denying Cooks other claims for habeas relief 35 . To the extent necessary, Cooks claim for relief based on ineffective assistance of trial counsel stemming from a Sixth Amendment violation is **DENIED**. It is further ORDERED that petitioner's request for a certificate of appealability is **DENIED**. Signed on 9/28/20 by District Judge Brian C. Wimes. (Anderson, Christy) (Entered: 09/28/2020) |
| 09/28/2020 | 72 | CLERK'S JUDGMENT. (Anderson, Christy) (Entered: 09/28/2020) |
| 10/26/2020 | 73 | MOTION to alter judgment filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 11/9/2020 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Carlyle, Elizabeth) (Entered: 10/26/2020) |
| 11/06/2020 | 74 | SUGGESTIONS in opposition re 73 MOTION to alter judgment filed by David Wagner on behalf of Respondent United States. Reply suggestions due by 11/20/2020 unless otherwise directed by the court. (Related document(s) 73 ) (Wagner, David) (Entered: 11/06/2020) |
| 11/18/2020 | 75 | Consent MOTION for extension of time to file response/reply as to 74 Suggestions in Opposition to Motion, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 12/2/2020 unless otherwise directed by the court. (Related document(s) 74 ) (Carlyle, Elizabeth) (Entered: 11/18/2020) |
| 11/24/2020 | 76 | ORDERED Petitioner's Motion for Extension of Time (Doc. #75) is, with Respondent having no objection, GRANTED. Petitioner is granted leave to file a reply on or before December 4, 2020. Signed on 11/24/2020 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached. (Entered: 11/24/2020) |
| 12/04/2020 | 77 | |

| | | | |
|---|---|---|---|
| | | | Consent MOTION for extension of time to file response/reply as to 74 Suggestions in Opposition to Motion, filed by Elizabeth Unger Carlyle on behalf of Bradley Cook. Suggestions in opposition/response due by 12/18/2020 unless otherwise directed by the court. (Related document(s) 74 ) (Carlyle, Elizabeth) (Entered: 12/04/2020) |
| 12/04/2020 | 78 | | REPLY SUGGESTIONS to motion re 73 MOTION to alter judgment filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. (Related document(s) 73 ) (Carlyle, Elizabeth) (Entered: 12/04/2020) |
| 12/07/2020 | 79 | | ORDERED Petitioner's Motion for Extension of Time (Doc. #77) is, with Respondent having no objection, GRANTED. Petitioner is granted leave to, to the extent Petitioner would seek to file amended reply suggestions, file the reply to the motion to alter or amend on or before December 11, 2020. Signed on 12/7/2020 by District Judge Brian C. Wimes.  This is a TEXT ONLY ENTRY. No document is attached. (Entered: 12/07/2020) |
| 12/09/2020 | 80 | | ELECTRONIC TRANSCRIPT of Telephone Conference held September 1, 2017 before Judge Brian C. Wimes. Court Reporter: Denise Halasey, 816–512–5657, denise_halasey@mow.uscourts.gov. Number of pages: 10. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** If necessary, Notice of Intent to Redact is due by 12/16/2020 unless otherwise directed by the court. Release of Transcript Restriction set for 3/9/2021.  **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** <br><br> (Halasey, Denise) (Entered: 12/09/2020) |
| 12/09/2020 | 81 | | REPLY SUGGESTIONS to motion re 73 MOTION to alter judgment *amended* filed by Elizabeth Unger Carlyle on behalf of Movant Bradley Cook. (Related document(s) 73 ) (Carlyle, Elizabeth) (Entered: 12/09/2020) |
| 06/25/2021 | 82 | | ORDER – DENYING 73 motion to alter or amend judgment, including the request for a certificate of appealability. Signed on 6/25/21 by District Judge Brian C. Wimes. (Anderson, Christy) (Entered: 06/25/2021) |
| 07/07/2021 | 83 | | NOTICE OF APPEAL as to 72 Clerk's Judgment, 71 Order on Motion to Vacate/Set Aside/Correct Sentence (2255),, 82 Order on Motion to Alter Judgment by Bradley Cook. Filing fee $ 505, receipt number AMOWDC–7483930. (Carlyle, Elizabeth) (Entered: 07/07/2021) |
| 07/07/2021 | 84 | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 83 Notice of Appeal,. (Terry, Jason) (Entered: 07/07/2021) |

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

BRADLEY COOK,                          )
                                       )
                    Movant,            )
                                       )
v.                                     )          Case No. 4:16-CV-01072-BCW
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )

## ORDER

Before the Court is Movant Bradley Cook's Petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. #1). The Court, being duly advised of the premises, denies said motion, except to the extent Cook seeks a hearing on the issue of prosecutorial misconduct relating to monitored phone calls between Cook and his counsel while Cook was in pretrial custody.

## BACKGROUND

On September 13, 2013, the Court entered judgment against Bradley Cook after he pleaded guilty to one count of Commercial Sex Trafficking by Force, Fraud & Coercion in violation of 18 U.S.C. §§ 1591(a), (b)(1), and 1594 and 2. The Court sentenced Cook to 240 months in the custody of the U.S. Bureau of Prisons, to be followed by a lifetime term of supervised release. United States v. Bradley Cook, 4:10-CR-00244-2-BCW, Doc. #456.

Cook appealed the conviction and sentence to the Court of Appeals for the Eighth Circuit, which affirmed the district court. (Doc. #543). On August 13, 2015, Cook filed a petition for writ of certiorari to the Supreme Court of the United States, which denied Cook's petition on October 7, 2015.

1

Cook filed the instant petition for § 2255 relief on October 4, 2016, asserting nine grounds for relief as follows: (I) ineffective assistance of counsel based on a failure to fully investigate; (II) ineffective assistance relating to Cook's "proffer session"; (III) violation of due process based on prosecutorial misconduct for witness influence, and interfering with conditions of confinement and Cook's relationship with counsel; (IV) ineffective assistance for failure to seek dismissal of the indictment; (V) ineffective assistance for failure to act upon receipt of discovery containing recordings of phone calls between Cook and his counsel; (VI) ineffective assistance "when an attorney with a conflict of interest attempted to represent [Cook] without entering an appearance"; (VII) prosecutorial misconduct based on the withholding of exculpatory evidence; (VIII) ineffective assistance based on counsel's failure to have Cook's competence evaluated; and (IX) unknowing and involuntary guilty plea.

Respondent the United States ("the Government") filed opposition suggestions to Cook's petition on April 25, 2017. (Doc. #18). Cook filed a traverse brief through counsel on October 2, 2017. Cook's petition is thus ripe for consideration.

## LEGAL STANDARD

A court may grant relief to a prisoner in federal custody "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

## ANALYSIS

Cook's petition for relief asserts three overarching legal bases for relief. First, Cook's Grounds I, II, IV, V, VI, and VIII assert ineffective assistance of trial counsel. Second, Cook's

2

Grounds III and VII assert prosecutorial misconduct. Third, Cook's Ground IX asserts his guilty plea was not knowingly and voluntarily made.

### A. Cook's Petition for § 2255 Relief based on Ineffective Assistance of Counsel is Denied.

Cook asserts he was deprived of his Sixth Amendment right to effective assistance of counsel. To establish ineffective assistance, Cook "must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense by creating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woods v. Norman, 825 F.3d 390, 394 (8th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984) (internal quotation marks omitted).

With respect to the first Strickland prong, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 466 U.S. at 688.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Weaver v. United States, 793 F.3d 857, 860 (8th Cir. 2015) (quoting Strickland, 466 U.S. at 687).

With respect to the second Strickland prong, as long as the associated alleged deficiency is not an outright denial of counsel or an actual conflict of interest, a § 2255 petitioner must affirmatively prove prejudice. Id. at 693. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." United States v. Luke, 686 F.3d 600, 604 (8th Cir. 2012) (citing Strickland,

3

466 U.S. at 694). A showing of "[a] reasonable probability" is that which "sufficiently undermines confidence in the outcome." Id. (internal citations omitted).

**1. Trial counsel was not ineffective in investigation.**

Cook asserts ineffective assistance based on his trial counsel's alleged failure to fully investigate before Cook entered his guilty plea. Cook argues had trial counsel obtained and explored Cook's electronic communications among Cook and other conspirators, the defense would have been able to present evidence that Cook's relationship with "lead" defendant, Edward Bagley, was not the relationship that the Government presented at Bagley's trial. The Government presented evidence of electronic communications between Cook and Bagley wherein Cook contacted Bagley as a customer for illicit sex. Cook argues that had trial counsel investigated the computer evidence and electronic communications, the defense could have shown evidence that Cook and Bagley's relationship "ranged over a wide area, primarily involving weather and football." (Doc. #1 at 10). Cook also alleges counsel failed to investigate his phone records, other potential witnesses, and the Government's assertion that the victim was disabled.

In opposition, the Government argues trial counsel was not ineffective for failure to investigate the computer files because counsel hired an individual to perform a forensic computer analysis. The Government further argues that the forensic analyst, Greg Chatten, worked with the Government and forensic lab to sort through electronic media, until Cook decided to enter a conditional guilty plea in 2011, at which point forensic analysis of Cook's computers was ceased. With respect to the other aspects of Cook's argument based on inadequate investigation, the Government disputes that counsel's investigation was incomplete.

"[T]he Sixth Amendment imposes on counsel a duty to investigate, because reasonably effective assistance must be based on professional decisions and informed legal choices can be

4

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 4 of 26
Appellate Case: 21-2499   Page: 14   Date Filed: 07/07/2021 Entry ID: 5052643

made only after investigation of options." <u>Strickland</u>, 466 U.S. at 680. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Id.</u> at 690-91. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances applying a heavy measure of deference to counsel's judgments." <u>Id.</u>

In this case, the issue is whether, had counsel completed the forensic investigation of Cook's computer files and electronic communications, Cook would not have pleaded guilty. Cook's counsel's affidavit states "[a]ll investigative efforts . . . were halted when Mr. Cook entered into a conditional guilty plea to Count II of the superseding indictment." (Doc. #18-1 at 4).

As set forth in the plea agreement, Cook communicated with Bagley online between 2006 and 2009, during which time period Cook "watched Bagley sexually abuse the Female Victim (FV) in live online sessions and as depicted in photos and videos downloaded by [Cook]." The plea agreement further states Cook provided ideas to Bagley about how to make money by selling images of FV's torture on a paid website. Additionally, the media seized pursuant to a search warrant "includes, but is not an extensive list of, the media that the defendant used to communicate with Defendant Bagley and view images of FV either prior to, during, or subsequent to the above listed acts." (Doc. #255 at 3-4). Based on these and other underlying facts, Cook pleaded guilty to commercial sex trafficking by force, fraud, and coercion in violations of 18 U.S.C. §§ 1591(a), (b)(1), 1594, and 2.

Although Cook argues a complete search of his computer would have revealed that his relationship with Bagley also involved communications not relating to FV or other criminal

activity, the existence of uninvestigated innocuous communications, alongside incriminating communications that are consistent with Cook's admitted criminal conduct, does not demonstrate the requisite deficiency and prejudice for Cook's claim of ineffective assistance relative to counsel's failure to investigate. Under the circumstances in this case, trial counsel ceased electronic investigative efforts once Cook indicated his intent to plead guilty. As indicated by the underlying facts of the crime to which Cook pleaded guilty, the forensic analysis of Cook's computer, to the extent it was completed, resulted in evidence indicating Cook's involvement in the violation of commercial sex trafficking laws. Counsel's decision to cease the forensic investigation after a less than complete investigation was reasonable under all the circumstances.

Even if counsel's decision not to pursue a complete forensic investigation of Cook's computers could be considered deficient, Cook has not established a reasonable probability that had the investigation been completed, Cook would not have pleaded guilty. Cook does not suggest a more robust investigation would have distanced him from the crimes to which he pled guilty; rather, Cook argues a complete investigation would have allowed him to present evidence establishing his relationship with Bagley was not limited to involvement in commercial sex trafficking.

To the extent Cook argues counsel was ineffective for failure to investigate phone records, possible witnesses, and the Government's assertion that FV was disabled, the Court finds these decisions within the range of reasonable strategic choice, given the totality of the circumstances. Further, Cook asserts these alleged deficiencies had some effect on his decision to plead guilty; however, this unsupported assertion is insufficient to show a reasonable probability that but for counsel's failure to fully investigate the result of the case would have been different. Strickland, 466 U.S. at 693-94.

6

For all of these reasons, the Court finds that Cook is not entitled to relief on his claim of ineffective assistance of counsel relative to counsel's failure to investigate. To the extent Cook asserts ineffective assistance for failure to investigate because counsel did not seek out the Government's full discovery file before Cook pleaded, the Court considers this argument in the context of analyzing prosecutorial misconduct. The Court denies Cook's petition on this point.

**2. Trial counsel was not ineffective relative to Cook's proffer session.**

Cook next alleges ineffective assistance of counsel in connection with his pre-indictment proffer session.[1] Specifically, Cook argues counsel was ineffective because she incorrectly informed him that he could not be prosecuted for anything discussed during the proffer session. The Government opposes Cook's assertion of ineffective assistance on this basis, pointing to trial counsel's affidavit about the circumstances of Cook's proffer interview with the FBI.

A criminal defendant is entitled to effective assistance of counsel during the plea bargaining stage, that is, before he or she decides to plead guilty. Missouri v. Frye, 566 U.S. 134, 140 (2012) ("The Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings . . . including arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea."); Padilla v. Kentucky, 559 U.S. 356, 364 (2010).

Generally, statements that a defendant makes during proffer sessions are inadmissible. Fed. R. Crim. P. 11(f). "However, a defendant can waive the protection . . . as long as there is no affirmative indication that the agreement to waive was entered into unknowingly and

---

[1] Generally, "proffer session" refers to interviews wherein a defendant submits to questioning by the Government in hopes of receiving a benefit, such as offer of a cooperation agreement or application of the safety valve provision in exchange for truthful information to assist the Government. United States v. Giamo, 153 F. Supp. 3d 744, 749 n.2 (E.D. Pa. 2015); United States v. Chaparro, 181 F. Supp. 2d 323, 336 n.2 (S.D.N.Y. 2002).

7

involuntarily." United States v. Velez, 354 F.3d 190, 194-95 (2d Cir. 2004) (citing United States v. Mezzanatto, 513 U.S. 196, 210 (1995) (internal quotations omitted)).

The issue is whether Cook involuntarily provided information to the Government during the proffer session because his counsel improperly advised him that, under the proffer letter, he could not be prosecuted for anything he discussed with the Government during the proffer session on January 11, 2010.

Cook argues he understood, based on his counsel's advice, the proffer letter to mean he could not be prosecuted for anything discussed during the proffer session.

While Cook is correct in his assertion that "transactional immunity" is not defined in the proffer agreement, the letter otherwise states:

> if you provide a complete and truthful account of all information . . . regarding all criminal wrongdoing perpetrated by yourself or others, [the Government] agrees that no statements made by you . . . will be used against you, except as follows:
>
> (1) You will not receive any immunity as to statements relating to any crimes of violence.
>
> (2) If you intentionally make any material misstatements or material omissions the United States may elect to prosecute you to the full extent permitted . . . include charges in addition for those for which you already are under investigation . . . .
>
> (3) In the event that you are a witness at any judicial proceeding, including a criminal proceeding in which you are a defendant, and offer testimony that is different from any statement provided during the proffer, the United States may use statements made by you during the proffer, and all evidence derived directly or indirectly such statements, in cross-examination of you. Moreover statements made during the proffer and any information derived directly or indirectly from the statement may be used to rebut any evidence offered by you, or on your behalf, in any prosecution against you, and the United States may use information derived directly or indirectly from your statements for the purpose of obtaining and pursuing leads . . . evidence, which derivative evidence may be used for any purpose, including prosecution of you by the United States.
>
> Third, this agreement does not in any way impart "transactional immunity" to you. It [applies] only to statements which you provide during the proffer and does not apply to any oral, written, or recorded statements made by you at any other time.

8

4:10-CR-00244-BCW, (Doc. #160-2).

With respect to the first Strickland prong, the record suggests that, contrary to Cook's argument, counsel's advice relative to the proffer did not fall below an objective standard of reasonableness. First, the proffer agreement, which plainly states that it does not confer transactional immunity, is signed by both Cook and his counsel. Second, the proffer letter states the Government "may use information derived directly or indirectly from your statements for purpose of obtaining and pursuing leads . . . which derivative evidence may be used for any purpose, including prosecution of you by the United States." (Doc. #160-2). Even construed against the Government, Cook agreed to "make a proffer" according to the terms set forth as evidenced by his signature alongside his counsel's signature.

Moreover, counsel's affidavit states the proffer agreement in Cook's case "was similar to every proffer agreement I've ever been a party to, on behalf of a client. I never understood the proffer agreement to confer immunity from prosecution, based upon Mr. Cook's truthful and complete statements, and I never so represented to him." (Doc. #18-1). Counsel further states she reviewed the proffer agreement with Cook and they understood the agreement to be that in return for Cook's truthful and complete statements, the Government would not use any such statement against him.

To the extent, however, Cook argues he unknowingly or involuntarily waived any rights under the proffer agreement based on the advice of counsel Cook cannot show prejudice. Cook voluntarily met with the FBI to discuss the investigation, pre-indictment, without counsel. Cook did not admit to any illegal activity during this discussion, but did provide information about himself and about Bagley. Cook hired counsel in October 2009. On December 15, 2009, the Government contacted counsel to discuss arrangements for a proffer. On the same day, the FBI

9

executed a search warrant at Cook's residence; Cook was not under arrest at that time. In the Court's view, these circumstances undermine Cook's argument for ineffective assistance of counsel because Cook cannot establish that the evidence upon which Cook was indicted and convicted was discovered through or related to the proffer interview. Cook's motion for ineffective assistance on this point is denied.

### 3. Trial counsel was not ineffective in failing to file a motion to dismiss the indictment.

Cook asserts trial counsel was ineffective because despite counsel's knowledge about the Government's handling of Cook's case, trial counsel did not seek dismissal of the indictment. The Government counters it was within trial counsel's professional judgment not to file a motion to dismiss the indictment based upon her analysis that such a motion would not succeed.

In raising a claim for ineffective assistance of counsel based on a failure to file a motion to dismiss the indictment, Cook must show a "reasonable probability that the motion [to dismiss the indictment] would have been successful." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Cook asserts he has shown this reasonable probability through allegations of prosecutorial misconduct.

In this case, the record reflects counsel filed a motion to dismiss the indictment based on a breach of the proffer agreement on March 17, 2011. 4:10-CR-00244-BCW, (Doc. #116). On March 30, 2011, the Government filed a superseding indictment against Cook, to which the motion to dismiss still applied as to certain counts. (Doc. #167).

The record indicates the motion to dismiss for breach of the proffer agreement was heard before Magistrate Judge Larsen on April 14, 2011. 4:10-CR-00244-BCW, (Doc. #170). On November 4, 2011, the magistrate judge issued a report and recommendation that the motion to dismiss the indictment should be denied. (Doc. #219). District Judge Whipple adopted the findings

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 10 of 26
Appellate Case: 21-2499   Page: 20   Date Filed: 07/07/2021 Entry ID: 5052643

on June 17, 2013. (Doc. #418). The record demonstrates that counsel filed a motion to dismiss the indictment, upon which argument was heard, though the motion to dismiss the indictment was ultimately unsuccessful. Cook's claim of ineffective assistance based on a failure to seek dismissal of the indictment is denied. To the extent Cook asserts counsel should have sought dismissal based on prosecutorial misconduct, the Court is inclined to find that counsel's failure to seek dismissal of the indictment on that basis was a reasonable strategic choice under the circumstances.

### 4. Trial counsel was not ineffective for failing to act based on recorded phone calls.

Cook also argues he received ineffective assistance of counsel for trial counsel's failure to act when she received, in the Government's productions, two recordings of telephone calls between Cook and his counsel that had been recorded while Cook was detained at Corrections Corporation of America in Leavenworth, KS ("CCA"). The Government told trial counsel that while Cook's calls to his counsel had been recorded, the Government had not listened to the recordings. Cook asserts violation of the attorney-client privilege when the calls were recorded, and again when the recorded calls were provided by CCA to the Government, and argues trial counsel was ineffective for failing to take any steps to prevent other calls from being recorded and/or seek sanctions relating to the recordings.

There is no doubt that Cook is entitled to attorney-client privilege relating to his communications with his legal representation. United States v. Yielding, 657 F.3d 688, 706-707 (8th Cir. 2011). Further, this Court agrees that "any intrusion into attorney-client communications is of grave concern" and the ways in which a defendant might be prejudiced based on CCA's policy of recording attorney-client phone calls "are too numerous to catalogue." United States v. Black, No. 16-20032-JAR, 2017 WL 2151861, at *11 (D. Kan. May 17, 2017).

11

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 11 of 26
Appellate Case: 21-2499   Page: 21   Date Filed: 07/07/2021 Entry ID: 5052643

Notwithstanding, however, the Court is not inclined to find that counsel's failure to act on the recordings violates Cook's right to effective assistance. First, Cook does not point to any legal authority suggesting that counsel's failure to act relative to the production of recorded communications amounts to deficient performance. This lack of authority is perhaps unsurprising considering the unique systematic intrusion on attorney-client privilege undertaken at CCA Leavenworth. Second, even if the Court was inclined to find trial counsel's failure to act to equate to deficient performance, Cook has not established prejudice. The record does not establish that Cook's trial counsel failed to protect his attorney-client privilege; rather, the record demonstrates that trial counsel was unaware, until the recordings were produced, that Cook's attorney-client privilege had been impinged. Further, though the recordings were provided to trial counsel through the Government's production, the Government told trial counsel no representative had listened to them. Therefore, the current record does not establish ineffective assistance of counsel on this point. To the extent further evidence undermines the Government's representations that it had not listened to the content of the recordings in Cook's case, it is the Court's view that such conduct would arise not under a claim for ineffective assistance of counsel, but rather under a claim for prosecutorial misconduct. Cook's motion for relief on this point is denied.

### 5.    Trial counsel was not ineffective relative to Margulis.

Cook argues trial counsel was ineffective based on the involvement of Arthur Margulis. Cook argues that although Margulis never entered an appearance on his behalf, Margulis inserted himself into Cook's negotiations with the Government after Cook's father retained Margulis to assist trial counsel, Law and Sandage. Cook argues his right to counsel under the Sixth Amendment was violated because Margulis also represented Cook's father in the course of the FBI's investigation, which gave rise to a conflict of interest. In opposition to Cook's assertion of conflict

12

of interest, the Government points to Margulis' statement that he never represented Cook, nor purported to so do, although Margulis did represent Cook's father.

The right to effective assistance of counsel "embraces the right to conflict-free counsel." Dawan v. Lockhart, 31 F.3d 718, 720-21 (8th Cir. 1994). Where a defendant can show "an actual conflict of interest that adversely affected his lawyer's performance, prejudice may be presumed." Covey v. United States, 377 F.3d 903, 907 (8th Cir. 2004) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). However, "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" Strickland, 446 U.S. at 692 (citing Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)).

In this case, the record does not demonstrate deficient performance on the part of Law or Sandage based on trial counsel's failure to avoid an actual conflict. Based on the record, Cook's father retained Margulis to consult with the defense team, and Margulis was present for at least one meeting with the Government at which a potential plea was discussed. Sandage's statement indicates he does not recall being informed that Margulis represented Cook's father. Law's statement indicates Cook's father insisted on hiring Margulis to assist with Cook's defense. Margulis's statement indicates that as Cook's father's representation, Margulis reviewed the charges against Cook; however, he was "not privy to very detailed information about the case or discovery regarding Bradley Cook, nor did [he] attempt to convince George Cook to convince his son to plead guilty." Margulis's statement is that Cook's trial counsel told Margulis that she did not want him to enter an appearance on Cook's behalf, so Margulis did not, and Margulis did not otherwise purport to represent Cook.

13

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 13 of 26
Appellate Case: 21-2499   Page: 23   Date Filed: 07/07/2021 Entry ID: 5052643

Based on the record, an actual conflict arises only to the extent Margulis could not effectively represent Cook and Cook's father relative to the investigation into the plot to kill an Assistant U.S. Attorney (AUSA). However, Margulis did not represent Cook at any point, either in the criminal case underlying the instant § 2255 petition, or with respect to unfiled charges relating to the murder plot. The record does not establish an actual conflict hindering trial counsel's effective representation of Cook in the criminal case underlying the instant petition for relief. Because Margulis never entered an appearance on Cook's behalf, and based on Margulis's statement he never represented nor purported to represent Cook, the Court cannot conclude that Cook was prejudiced by an actual conflict of interest. Cook's § 2255 petition is denied on this point.

6.      **Trial counsel was not ineffective in failing to seek a competency evaluation.**

Cook argues counsel was ineffective for failure to seek a competency evaluation before Cook entered a guilty plea. The Government argues the record does not support Cook's claim that a mental examination before the change of plea hearing would have changed the outcome of Cook's criminal case.

A competent defendant has sufficient ability to consult with counsel "with a reasonable degree of rational understanding" and with "a rational as well as factual understanding of the proceedings." United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006) (internal citations and quotations omitted). A court should grant a motion to evaluate a defendant's mental competency "if there is reasonable cause to believe that the defendant may [at the time of the plea] be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

14

In this case, and as reflected in the record and in trial counsel's affidavit, the circumstances of this case do not suggest "reasonable cause to believe the defendant may be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a).

"Defendant's counsel's opinion on competency should receive significant weight since counsel, perhaps more than any other party or the court, is in a position to evaluate a defendant's ability to understand the proceedings." United States v. Zavesky, 839 F.3d 688, 693 (8th Cir. 2016) (internal citations and quotations marks omitted). Cook's counsel's affidavit states she "did not seek a psychological evaluation . . . for the simple reason that [she] was never concerned about his competency, or his ability to form the requisite mens rea element of the crimes with which the government charged him." The affidavit further states counsel never had any question about Cook's ability to understand the charges against him and/or his ability to assist in his own defense. Finally, counsel noted that "Cook retained experts as consultants concerning all potential psychological aspects of the case," which did not give rise to any concerns relating to Cook's ability to form a rational understanding of the charges against him. (Doc. #18-1 at 6).

The Court thus finds the record does not support the conclusion that if counsel had filed a motion for a competency evaluation, the outcome of this case would have been different. While the Court does not doubt that the charges against Cook affected his mental state, the record as a whole does not suggest that had trial counsel filed a motion for competency evaluation, such a motion would have been granted, and further, that such a motion would have led Cook not to plead guilty. The motion is denied on this point.

## B. Cook's Petition for § 2255 Relief based on Prosecutorial Misconduct is Denied in Part and Taken Under Advisement in Part.

Cook alleges he is entitled to relief under § 2255 based on prosecutorial misconduct relating to improper witness influence, the conditions of Cook's confinement, interference with

15

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 15 of 26
Appellate Case: 21-2499   Page: 25   Date Filed: 07/07/2021 Entry ID: 5052643

Cook's relationship with his counsel, and withholding exculpatory evidence. "The test for reversible prosecutorial misconduct has two parts: (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Wilkens, 742 F.3d 354, 361 (8th Cir. 2014) (internal citations omitted).

Whether certain conduct of the prosecutor deprived the movant of a fair trial involves consideration of three factors. Graves v. Ault, 614 F.3d 501, 507-08 (8th Cir. 2010). The relevant factors are these: (1) the misconduct's cumulative effect; (2) the strength of evidence of defendant's guilt that was properly admitted; and (3) any curative action by the court. Id. (citing United States v. Beeks, 224 F.3d 741, 745 (8th Cir. 2000)).

### 1.    Improper witnesses influence does not provide a basis for relief.

Cook asserts there are two individuals who have come forward with information that other inmates at CCA were working to provide information to the Government in Cook's case, in exchange for sentence reductions in their own cases. Cook argues at a minimum a hearing is necessary to determine the full extent of the Government's involvement in the development of evidence against Cook. Cook asserts Diamond Blair would testify to his observations about other CCA inmates discussing what they should tell the U.S. Attorneys' Office relating to Cook's case. Cook also asserts that James Clark found a letter in another inmate's area that reflected it had been received in another facility, leading to the implication that the letter could have only made its way to CCA through the Government's assistance. In response, the Government asserts the record does not support the conclusion of prosecutorial misconduct that deprived Cook of a fair trial.

While the knowing presentation of perjured testimony at trial may present a basis for § 2255 relief, the record does not establish that such circumstances are present in this case. Smith v.

16

Phillips, 455 U.S. 209, 220 n.10 (1982) (citing Giglio v. United States, 405 U.S. 150, 154 (1972)). First, Cook pleaded guilty in this case, such that no trial testimony is at issue. Second, assuming the Government offered some kind of consideration in exchange for information about Cook's case, there is no indication, beyond Cook's assertions, that multiple inmates conspired to provide false information about Cook's involvement in the crimes in his case. Third, even if Cook could establish bad faith on the part of the Government, which he cannot, the record does not establish that Cook's conviction was premised on the testimony of other inmates at CCA. Accordingly, Cook has not established a right to relief based on improper witness influence.

**2. Conditions of confinement do not provide a basis for relief.**

Cook argues he was denied due process based on the Government's actions in publicizing an unsubstantiated plot in which Cook was believed to have solicited a hit man to kill one of the AUSAs involved in his criminal prosecution. Cook argues that the Government acted to punish Cook for his asserted involvement in the uncharged plot by seeking to have Cook held in isolation before his guilty plea. The Government counters that Cook was placed in isolation based on the United States Marshal Service's assessment of Cook's danger to others.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He has had only a judicial determination of probable cause as a prerequisite to the extended restraint of his liberty following arrest." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979) (collecting cases). "[T]he Government . . . may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Id.

17

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 17 of 26
Appellate Case: 21-2499   Page: 27   Date Filed: 07/07/2021 Entry ID: 5052643

While an individual on pretrial detention may not be subject to punishment, there exists legitimate interests in the facility's ability to manage its inmates. Id. at 540. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment . . . . [I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." Id.

In this case, Cook asserts the Government acted to punish him during his three-year pretrial detention based on its belief that Cook was involved in a plot to kill an AUSA. Based on the current record, Cook has not established that the determination to hold him in isolation was punishment, as opposed to the result of effective management of the detention facility. The Marshal Service received corroborated information that Cook had made statements about threatening a life and made the assessment based on its policies that Cook should be held in a separate housing unit. The record does not show that these conditions of pretrial detention were attributable to the decisions of the prosecutors in this case, or that the conditions of Cook's pretrial detention otherwise impacted the fairness of the case. Cook's motion is denied on this point.

### 3. The Court will hear evidence as it relates to Cook's claim of prosecutorial misconduct relative to the two recorded attorney-client phone calls produced by the Government.

Cook argues he was deprived of due process based on assertions that the Government improperly recorded and monitored Cook's communications with his attorney and his family during Cook's pretrial incarceration at CCA Leavenworth. Cook asserts he requires discovery to determine further context of any prejudice that may have stemmed from the Government's access to his communications with counsel.

18

In this case, Cook asserts the discovery included two recorded phone calls from before Cook's guilty plea. From the current record, the Court cannot determine whether the recorded phone calls had any bearing on the Government's prosecution of this case. Cook generally asserts that if information about "those calls was provided to the AUSA . . . there was a significant violation of Mr. Cook's Sixth Amendment right to counsel which was prejudicial to him to the extent the AUSA relied on her knowledge of the interchange between counsel and Mr. Cook to formulate trial and plea strategy."

Under the circumstances of this case, the Court is not able to resolve this issue based on the current record. The Court will set this matter for hearing to discuss Cook's § 2255 petition with respect to this limited issue as it relates to the recording of phone calls and any Government access to Cook's communications with counsel before Cook's guilty plea.

### 4. Interference with Cook's relationship with counsel does not provide a basis for relief.

Cook also asserts denial of due process based on allegations that the Government impermissibly interfered with Cook's relationship with his counsel, Carter Collins Law. Cook argues the Government worked other counsel, Arthur Margulis, to undermine Cook's relationship with Law. Cook argues that the Government's contact with Margulis introduced a conflict of interest that unfairly impacted Cook's case.

To determine whether the Government's conduct amounts to a denial of Cook's right to effective assistance of counsel under the Sixth Amendment, a criminal defendant must prove two elements: (1) "the government knowingly intruded into the attorney-client relationship"; and (2) the intrusion resulted in demonstrable prejudice to the defendant, or created a substantial threat of prejudice. United States v. Singer, 785 F.2d 228, 234 (8th Cir. 1986).

19

In this case, Margulis represented Cook's father, George Cook, during the investigation into the plot to kill the AUSA. Cook argues the Government engaged in misconduct by using Margulis to influence Cook's counsel's representation. Law's affidavit states that Cook's father insisted upon hiring Margulis to assist in Cook's defense, and Cook consented to Margulis's participation. Margulis did not enter an appearance on Cook's behalf, and provided an affidavit stating he was never "privy to the very detailed information about the case or discovery regarding Bradley Cook," and he did not attempt to influence Cook's father to convince Cook to plead guilty. Based on the statements of counsel, the record does not indicate any Government intrusion on Cook's relationship with Law or any other specific attempt to influence Cook to plead guilty. To the extent Cook suggests Margulis had a conflict of interest because he also represented George Cook during the period when he assisted in Cook's defense, Cook has not shown demonstrable prejudice attributable to any conduct of the Government.

## 5. **Brady** does not provide a basis for relief.

Cook asserts prosecutorial misconduct on grounds that the Government withheld exculpatory electronic discovery from Cook's personal computer. Specifically, Cook argues that at the time of his guilty plea, the Government had not produced all electronic discovery from Cook's computer, despite the inventory list indicating that it had produced all electronic discovery and Cook's forensic expert making specific requests for the production of certain files. The Government asserts that Cook's general allegations of deficient production are insufficient to establish a violation of due process under Brady v. Maryland, 373 U.S. 83 (1963).

Under Brady, a prosecutor may not withhold evidence that is favorable to a criminal defendant, whether that evidence is exculpatory or whether it is impeaching. Strickler v. Greene, 527 U.S. 263, 281-82 (1999) (citing Brady, 373 U.S. at 87).

20

The prosecution's suppression of favorable evidence, regardless of the prosecutor's intent, "violates due process where the evidence is material . . . ." Brady, 373 U.S. at 87. Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). To establish a Brady violation, the defendant must establish the following: (1) the suppressed evidence was favorable to the defense; (2) the evidence was material; and (3) the prosecutor suppressed the evidence. United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009).

In this case, Cook asserts a Brady violation because at the time he pleaded guilty, the Government had not produced all electronic discovery from Cook's computer, which was seized as a part of the investigation into the allegations against Cook. Cook generally asserts the Government did not produce files on his computer which would establish his innocence in this case. Cook does not provide specific facts establishing which computer files from his personal computer were not produced and what the personal files would have established, had they been timely produced. Thus, Cook has not established the first two prongs of Brady analysis.

With respect to the third prong, evidence is considered "suppressed by the government if (1) the government failed to disclose it in time for the defendant to use it, and (2) the evidence was otherwise unavailable to the defendant." United States v. Baranza, 465 F.3d 327, 334 (8th Cir. 2006) (collecting cases). In this case, the record demonstrates that at time Cook pleaded guilty, his computer expert had not received all aspects of electronic discovery from Cook's computer. In the Court's view, this circumstance does not suggest suppression, but rather that the Government was working with Cook's expert to produce everything reflected on the Government's inventory list for electronic discovery at the time Cook decided to plead guilty. Further, though the computer was in the Government's possession, since the computer was seized from Cook, he would have

21

been aware of all available electronic files even while the Government was in sole possession of the electronic discovery. Regardless, even assuming Cook has established that the electronic files were suppressed, he has not established how the files were favorable to him and material to the outcome. To the extent Cook seeks § 2255 based on <u>Brady</u>, the motion is denied.

### C. COOK'S PETITION FOR § 2255 RELIEF BASED ON THE CIRCUMSTANCES OF THE GUILTY PLEA IS DENIED.

Finally, Cook alleges he is entitled to relief under § 2255 because his plea of guilty was not knowingly and voluntarily made under all the circumstances of this case. Specifically, Cook argues he was mentally incapable of full and rational consideration of the plea bargain offer at the time he accepted it. The Government argues the record presents no basis for the conclusion that Cook was unable to fully and rationally consider the plea bargain offer based on his mental condition.

"After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendre, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). "A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among alternative courses of action open to the defendant." <u>Easter v. Norris</u>, 100 F.3d 523, 525 (8th Cir. 1997) (citations omitted). "A defendant must have knowledge of the law in relation to the facts for the plea to be truly voluntary. It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge." <u>Id.</u> (citations omitted). Whether a guilty plea is knowing and voluntarily made is a mixed question of fact and law. <u>Id.</u> (citation omitted).

In this case, the executed plea agreement states "after the plea has been formally accepted by the Court, the defendant may withdraw defendant's guilty plea only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal." (4:10-CR-00244, Doc. #255 at 10). Additionally, the executed plea agreement contains a paragraph

22

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 22 of 26
Appellate Case: 21-2499   Page: 32   Date Filed: 07/07/2021 Entry ID: 5052643

entitled "Waiver of Constitutional Rights," under which Cook "knowingly and voluntarily waive[d]" the following: (1) the right to plead not guilty; (2) the right to be presumed innocent; (3) the right to a jury trial; (4) the right to confront witnesses; (5) the right to subpoena witnesses; and (6) the right against self-incrimination. (4:10-CR-00244, Doc. #255 at 11-12).

The executed plea agreement states "defendant acknowledges entering into this plea agreement freely and voluntarily after receiving effective assistance, advice and approval of counsel," who "has fully advised defendant of defendant's rights and obligations," and that the plea agreement states the entirety of the agreement between the defendant and the Government. The plea agreement also states that it represents the entirety of the agreement between the parties and any conditions not expressly set forth are not part of the agreement and are not enforceable.

Cook and his counsel signed the plea agreement on December 20, 2011. In executing the agreement, Cook acknowledged that he had consulted with his attorneys and fully understood his rights with respect to the charges set forth in the indictment. Cook further acknowledged his understanding of and voluntary agreement to the terms of the plea agreement. Cook's counsel also acknowledged they fully explained to the defendant his rights with respect to the offense charged, and to their knowledge, Cook's decision to enter the plea was informed and voluntary. (4:10-CR-00244, Doc. #255 at 18-19).

Based on the language of the plea agreement, Cook, who acknowledged knowing and voluntary agreement to the terms of the plea, may withdraw the plea only based on a showing of "a fair and just reason." This language appears in Fed. R. Crim. P. 11(d) for when a defendant may withdraw a guilty plea after the court has accepted it, but before sentence is imposed. In that context, whether a defendant has shown a fair and just reason for the withdrawal involves consideration of "any assertions of legal innocence, the amount of time between the plea and the

23

motion to withdraw, and the prejudice to the government in granting the motion." United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006) (internal citation omitted).

Cook pleaded guilty in December 2011, and raised the issue of withdrawal nearly five years after the plea of guilty, three years after sentencing, and more than a year after ruling on his direct appeal on issues unrelated to the knowing and voluntary nature of the plea. Relatedly, allowing Cook to withdraw his plea after the Eighth Circuit affirmed the district court and the Supreme Court denied writ of certiorari would prejudice the Government as to the finality of the disposition of Cook's case. Id. at 631 (citing United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997) ("Guilty pleas should not be 'set aside lightly.'")).

Cook makes no assertions of legal innocence; rather, he alleges that the totality of circumstances -- including ineffective assistance of counsel and prosecutorial misconduct and conditions of his pretrial detention -- rendered him incompetent to plea knowingly and voluntarily.

"Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea . . . ." United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006) (internal citations omitted). A competent defendant has sufficient ability to consult with counsel "with a reasonable degree of rational understanding" and with "a rational as well as factual understanding of the proceedings." Id. (citations omitted).

The executed guilty plea belies Cook's assertion that the guilty plea was not knowingly and voluntarily made. Under 18 U.S.C. § 4241, the court should grant a party's motion to evaluate a defendant's mental competency "if there is reasonable cause to believe that the defendant may [at the time of the plea] be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

24

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 24 of 26
Appellate Case: 21-2499   Page: 34   Date Filed: 07/07/2021 Entry ID: 5052643

Cook's counsel's affidavit states she "did not seek a psychological evaluation . . . for the simple reason that [she] was never concerned about his competency, or his ability to form the requisite mens rea element of the crimes with which the government charged him." The affidavit further states counsel never had any question about Cook's ability to understand the charges against him and/or his ability to assist in his own defense. Finally, counsel noted that "Cook retained experts as consultants concerning all potential psychological aspects of the case," which did not give rise to any concerns relating to Cook's ability to form a rational understanding of the charges against him. (Doc. #18-1 at 6).

"Defendant's counsel's opinion on competency should receive significant weight since counsel, perhaps more than any other party or the court, is in a position to evaluate a defendant's ability to understand the proceedings." United States v. Zavesky, 839 F.3d 688, 693 (8th Cir. 2016) (internal citations and quotations omitted). The Court thus finds Cook's unsupported allegations of competency issues undermined by his counsel's contrary statements set forth in her affidavit.

Additionally, the presentence investigation report in this case indicates that, at least in 2012, Cook reported no history of mental or emotional problems. Though Cook was under treatment for depression, he indicated the belief that he was not in need of counseling. Further, while Cook indicated difficulty sleeping, he did not display outward signs of a mental disorder. The presentence investigation report referenced an expert report from a doctor who evaluated Cook, and while the doctor opined that Cook demonstrated characteristics of antisocial personality disorder, the opinion does not call into question Cook's competency, or his ability to understand the nature and consequences of the guilty plea. (Doc. #303 at 28). Neither the presentence investigation report nor the balance of the record support Cook's assertions that he was unable, at the time of the guilty plea, to enter a knowing and voluntary plea. The Court thus finds Cook's

25

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 25 of 26
Appellate Case: 21-2499   Page: 35   Date Filed: 07/07/2021 Entry ID: 5052643

guilty plea knowingly and voluntarily entered and denies the motion for § 2255 relief on this point. Accordingly, it is hereby

ORDERED Cook's Petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. #1) is DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART. The petition is denied with respect to all bases raised, with the exception of Cook's claim for prosecutorial misconduct as it relates to the two recorded telephone calls between Cook and trial counsel. The Court takes this claim under advisement and will schedule the issue for evidentiary hearing. It is further

ORDERED this matter is set for telephone conference for scheduling purposes on **July 8, 2019 at 10:30 a.m.** The Courtroom Deputy shall arrange for participation.

IT IS SO ORDERED.


Dated: <u>June 17, 2019</u>

<div style="margin-left:40%">

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

</div>

26

Case 4:16-cv-01072-BCW   Document 35   Filed 06/17/19   Page 26 of 26
Appellate Case: 21-2499   Page: 36   Date Filed: 07/07/2021 Entry ID: 5052643

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BRADLEY COOK,      )
           )
     Petitioner,    )
           )
v.            )    Case No. 4:16-CV-01072-BCW
           )
UNITED STATES OF AMERICA,   )
           )
     Respondent.    )

## ORDER

On June 17, 2017, the Court entered an order on Petitioner Bradley Cook's petition for writ of habeas corpus under 28 U.S.C. § 2255. (Doc. #35). In that petition, Cook raised nine grounds for relief and the Court denied the petition on all but one issue. The Court took under advisement the sole issue of whether the circumstances surrounding the Government's production of two recorded phone calls between Cook and his counsel while Cook was in pretrial detention at CCA Leavenworth amounted to a due process violation.

The Court held an evidentiary hearing on March 6, 2020, at which Cook appeared in person and through counsel, Kathryn Parrish and Elizabeth Unger Carlyle. Respondent the United States of America ("the Government") appeared through counsel Paul Becker and David Wagner.

After the presentation of evidence, the parties filed post-hearing briefs. (Doc. #68, #69, & #70). The Court, having considered the record, the evidence presented during the hearing, and the parties' arguments, denies Cook's petition for relief (Doc. #1) on the outstanding issue of a violation of due process based on prosecutorial misconduct relative to the two recorded phone calls. (Doc. #35).

1

## LEGAL STANDARD

A court may grant relief to a person in federal custody "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

## ANALYSIS

Cook's post-evidentiary hearing brief (Doc. #68) asserts two grounds for relief that were also previously set forth in the original § 2255 petition (Doc. #1). Those grounds are that (1) the improper monitoring of Cook's attorney-client calls violated his due process rights; and (2) trial counsel's failure to take any action upon discovering the Government had access to at least two privileged phone calls violated Cook's right to effective assistance of counsel.

With respect to Cook's claim for ineffective assistance, this Court previously denied Cook's petition for relief. (Doc. #35 at 11-12). However, in referring to Cook's post-hearing brief to analyze the remainder of Cook's § 2255 petition, the Court discusses Cook's claim for ineffective assistance to the extent the evidence presented during the hearing, which was limited to the issue of "prosecutorial misconduct as it relates to the two recorded telephone calls between Cook and trial counsel," has some bearing on the Court's analysis of Cook's claim of ineffective assistance based on trial counsel's failure to act.

**A. Cook's petition for § 2255 relief based on prosecutorial misconduct relative to the two attorney-client phone calls produced by the Government is denied.**

Cook seeks to establish prosecutorial misconduct relating to the Government's receipt, possession, alleged use, and production of recordings of two phone calls between Cook and his trial counsel, Carter Law, which were recorded while Cook was held in pretrial detention at CCA Leavenworth between September and December 2010. The remedy sought is for the Court to set aside Cook's guilty plea. The Government opposes Cook's claim for relief, arguing the claim for

2

prosecutorial misconduct is procedurally defaulted, and even if it is not, the claim fails on its merits.

There is no dispute that the two phone calls were privileged communications. The issue is whether the two recorded phone calls, and the Government's conduct relative to those recordings impinged on Cook's right to counsel.

"The Sixth Amendment secures for the accused the right to have the assistance of counsel in his defense. It is clear that an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." Mastrian v. McManus, 554 F.2d 813, 821 (8th Cir. 1977) (collecting cases). The monitoring of a privileged communication does not necessarily violate the Sixth Amendment; "[r]ather, the accused must show, in addition, that the substance of the overheard conversation was of some benefit to enforcement officials." Id.

To demonstrate a Sixth Amendment violation, then, the petitioner "must show two things: first, that the government knowingly intruded into the attorney-client relationship, and second, that the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice." United States v. Singer, 785 F.2d 228, 234 (8th Cir. 1986) (citing Weatherford v. Bursey, 429 U.S. 545 (1976); United States v. Davis, 646 F.2d 1298, 1303 (8th Cir.), cert. denied, 454 U.S. 868 (1981); United States v. Morrison, 449 U.S. 365, 366 (1981)).

Further, in order for a petitioner to be entitled to any remedy arising from a violation of the right to counsel, including, as sought by Cook to set aside the guilty plea, the petitioner is required to demonstrate the Constitutional impingement at issue "has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense." United States v. Eye, No. 05-00344-01-CRW-ODS, 2008 WL 1701089, at *11 (W.D. Mo. Apr. 9, 2008) (quoting Morrison, 449 U.S. at 365). Even under circumstances where an intrusion into a privileged conversation was intentional, there is no basis for relief unless the

3

petitioner can establish that the intrusion in some way impacted the criminal proceeding. Id. "The burden to establish a violation and resulting prejudice is on the defendant." Eye, 2008 WL 1701089, at *11 (citing United States v. Solomon, 679 F.2d 1246, 1250 (8th Cir. 1982).

In this case, the record is undisputed that two privileged calls, recorded by CCA, were received by and available to the Government, and the Government produced the two calls in discovery. The testimony during the evidentiary hearing established that the Government had access to the two calls, and thus the opportunity to listen to the substance of the two calls, because the two calls were provided by CCA in response to a subpoena. However, the testimony at the hearing and/or the rest of the record does not demonstrate the Government listened to either of the two calls.

Specifically, Agent Benson testified that while he listened to most of the recorded calls provided by CCA, he did not listen to all of them, and he also worked under the assumption that CCA had filtered out, before responding to the subpoena, any recordings of calls between an inmate and his counsel. Moreover, Agent Benson testified if, during the investigation, if he had known the two calls were included on Disk 17, he would have known that such communications were privileged because he was familiar with the voices of both Cook and Law. Agent Benson testified if he had come across the two calls and recognized they were privileged based on the voices he heard, he would not have listened to the content of the calls based on his experience and training.

Further, though Agent Benson provided Disk 17, and thus the two calls, to the Government, such that the prosecuting team had access to the substance of the two calls, lead prosecutor Cordes testified that during the underlying criminal prosecution, she was not aware the privileged calls were in the Government's possession. Cordes instead testified she was not aware that two calls had been provided by CCA and produced to Cook in discovery until Cook raised the issue in his

4

§ 2255 petition. Though Agent Benson testified he had listened to the two calls at issue in preparation for the March 2020 evidentiary hearing and not before, Cordes testified she had never listened to the two calls and was not aware of anyone else with the prosecution team who did.

Cook argues the testimonies of Agent Benson and Cordes are inconsistent because while Agent Benson testified no one instructed him to remove or extract from the recordings provided by CCA any privileged content, Cordes sent an email notifying defense counsel about the production of Disk 17, and the email stated all attorney-client calls had been "removed." Cook argues that this testimony, considered together, suggests intentional interference by the Government into Cook's communications with counsel because CCA routinely recorded attorney calls and produced those recordings to the Government, which then "removed" the calls from the recordings produced the defense. Under the circumstances of this case, then, Cook argues the Government must have inadvertently failed to remove the two calls from Disk 17 before production to the defense.

Considering the record in this case, including the hearing testimony, the Court's view of the circumstances surrounding the two calls aligns with the testimony of Cook's trial counsel, Carter Law. Law testified she believed the two calls had been produced inadvertently. Law testified she knew the Government had produced the two calls between her and Cook, and based on CCA's call records and her recollections, she had spoken with Cook by phone at CCA more than twice while he was detained there between September and December 2010. Cook testified, "[a]nd so frankly I assumed that it was inadvertent. That those calls had been included in the disk at all."

Law's reference to the inadvertent inclusion of the two calls relates to inadvertence on the part of CCA, as opposed to inadvertence on the part of the Government in intending to, but failing to, removing from Disk 17 the two calls before producing Disk 17 to defense counsel.

5

Based on the foregoing, the Court finds Cook has not established that the Government knowingly intruded into Cook's relationship with his counsel. The hearing testimony demonstrates no one knew that the two calls had been provided by CCA to the Government during the course of the criminal investigation; the two calls were obtained accidentally because of the failure of CCA's filtering system. Further, even if the Government had access to these two calls, it was not aware of them, and even assuming someone was aware of the recordings' existence, no one listened to the privileged communications such that they might have conceivably impacted the criminal prosecution.

The circumstances presented in this case are similar those in Weatherford v. Bursey, 429 U.S. 545 (1977). In that case, an undercover officer had met with the defendant and his counsel such that he may have had knowledge of the defense strategy; however, no Sixth Amendment violation occurred because there was no evidence the undercover officer had communicated the content of the meetings to the prosecution team. 429 U.S. at 547-48.

Similarly, under the circumstances here, even if privileged information was available to the prosecution team, there is no evidence the content of the recordings was ever communicated to the prosecuting team because no one listened to the two calls.

Therefore, Cook has not met his burden to demonstrate that the Government knowingly intruded into the attorney-client relationship, and therefore cannot demonstrate a violation of the Sixth Amendment and/or prosecutorial misconduct arising from a constitutional violation. Because this point fails on its merits, the Court declines to consider the Government's procedural argument.

6

Case 4:16-cv-01072-BCW   Document 71   Filed 09/28/20   Page 6 of 8
Appellate Case: 21-2499   Page: 42   Date Filed: 07/07/2021 Entry ID: 5052443 July 7 2021 p16

**B. Cook's petition for § 2255 relief based on ineffective assistance of counsel for trial counsel's failure to act on knowledge of the Government's possession of privileged communications is denied.**

The Court has previously denied Cook's claim for habeas relief based on ineffective assistance because trial counsel did not, upon learning the Government had access to at least two privileged communications, take immediate action to protect Cook's rights. (Doc. #35 at 11-12). However, to the extent further development is necessary in light of the evidence presented during the evidentiary hearing, the Court again considers Cook's argument that trial counsel was ineffective for failing to act when the Government produced the two calls in the course of discovery.

A claim of ineffective assistance of counsel requires the petitioner to show deficient performance and "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woods v. Norman, 825 F.3d 390, 394 (8th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

Because the record does not establish a Sixth Amendment violation in that the intrusion into Cook's relationship with his attorney did not accrue to the benefit of the Government or otherwise impact the prosecution of the underlying criminal case, trial counsel's failure to act upon knowledge that the Government had possession of the two calls was not unreasonable under all the circumstances, especially in light of Law's testimony that she decided not to take action relating to the two calls in order to avoid drawing the Government's attention to them. Strickland, 466 U.S. at 688. Cook's reiterated ineffective assistance of counsel claim relating to the two calls is again denied.

**C. The Court declines to issue a certificate of appealability.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), § 2253(c) sets forth the requirements for a certificate of appealability

7

from an order denying a § 2255 petition. 28 U.S.C. § 2253(c). A district court "may issue" a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This substantial showing requirement is one that presents issues that are debatable among reasonable jurists. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based on the foregoing discussion, the issues analyzed in this order do not meet the substantial showing threshold for a certificate of appealability. Further, the Court incorporates its previous order (Doc. #35), otherwise denying Cook's petition for § 2255 relief, and finds no basis therein for which a certificate of appealability might issue. Therefore, this Court declines to issue a certificate of appealability. Accordingly, it is hereby

ORDERED Cook's § 2255 claim for violation of due process based on prosecutorial misconduct and/or a violation of the Sixth Amendment is DENIED. It is further

ORDERED the Court incorporates its previous order denying Cook's other claims for habeas relief (Doc. #35). To the extent necessary, Cook's claim for relief based on ineffective assistance of trial counsel stemming from a Sixth Amendment violation is DENIED. It is further

ORDERED a certificate of appealability is DENIED.

IT IS SO ORDERED.


DATED: September 28, 2020

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

## JUDGMENT IN A CIVIL CASE

BRADLEY COOK,                              )
                                           )
          Petitioner,          )
                                           )
   vs.                                  )   Case No. 16-01072-CV-W-BCW
                                           )
UNITED STATES OF AMERICA.                  )
                                           )
          Respondent.          )
                                           )

  __    Jury Verdict.     This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

  X     Decision by Court.  This action came before the Court.  The issues have been determined and a decision has been rendered.

**IT IS HEREBY ORDERED** that

Petitioner's § 2255 claim for violation of due process based on prosecutorial misconduct and/or a violation of the Sixth Amendment is DENIED..   It is further

**ORDERED** that

The Court incorporates its previous order denying Cook's other claims for habeas relief. To the extent necessary, Cook's claim for relief based on ineffective assistance of trial counsel stemming from a Sixth Amendment violation is DENIED.   It is further

**ORDERED** that

Petitioner's request for a   certificate of appealability is DENIED.

  September 28, 2020              Paige Wymore-Wynn      
Date                                 Clerk

Entered on  September 28, 2020         /s/ Christy Anderson      
                                     (By) Deputy Clerk

Appellate Case: 21-2499     Page: 45     Date Filed: 07/07/2021 Entry ID: 5052143 p19

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

BRADLEY COOK,            )
                                     )
                Movant,     )
                                     )
v.                                )     Case No. 4:16-CV-01072-BCW
                                     )
UNITED STATES OF AMERICA,  )
                                     )
                Respondent.  )

## **ORDER**

Before the Court is Movant Bradley Cook's Motion to Alter or Amend Judgment (Doc. #73). The Court, being duly advised of the premises, denies said motion.

On September 28, 2020, the Court entered judgment in the above-captioned civil action after denying Cook's petition for relief filed under 28 U.S.C. § 2255. (Doc. #72). Cook originally asserted nine grounds for habeas corpus relief, as follows: (I) ineffective assistance (IAOC) of trial counsel for failure to fully investigate; (II) IAOC relating to a proffer session; (III) prosecutorial misconduct stemming from improper witness influence, interference with Cook's relationship and communications with counsel, and interference with Cook's conditions of confinement; (IV) IAOC for failure to seek dismissal of the indictment; (V) IAOC for failure to object to the production of communications protected by the attorney-client privilege; (VI) IAOC relating to a conflict of interest; (VII) prosecutorial misconduct for failure to produce exculpatory evidence; (VIII) IAOC for counsel's failure to request a competency evaluation; and (IX) unknowing and involuntary guilty plea. (Doc. #1).

1

On June 17, 2019, the Court entered an Order denying Cook's § 2255 petition on eight of the nine grounds for habeas relief and granting an evidentiary hearing on "the issue of prosecutorial misconduct relating to monitored phone calls between Cook and his counsel while Cook was in pretrial custody." (Doc. #35). The Court held an evidentiary hearing on March 6, 2020, and subsequently denied Cook's ninth ground for habeas relief on September 28, 2020. (Doc. #71).

On October 26, 2020, Cook filed the instant Motion to Alter or Amend Judgment (Doc. #73) under Fed. R. Civ. P. 59(e). Respondent the United States of America ("the Government") filed opposition suggestions (Doc. #74) and Cook filed a reply. (Doc. #78).

## LEGAL STANDARD

A party may file a motion to alter or amend judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id.

## ANALYSIS

In the instant motion to alter or amend, Cook argues he is entitled to relief under Fed. R. Civ. P. 59(e) based on the Court's denial of habeas corpus relief on the following grounds: (1) IAOC for failure to fully investigate; (2) IAOC relating to the proffer session; (3) prosecutorial misconduct stemming from improper witness influence, interference with Cook's relationship and communications with counsel, and interference with Cook's conditions of confinement; (4) IAOC for failure to seek dismissal of the indictment; (5) IAOC for failure to object to the production of

2

privileged communications; and (6) prosecutorial misconduct for failure to produce exculpatory evidence.

The issue before the Court is whether, for any of the six grounds identified above, the Court's judgment denying habeas corpus relief requires alteration or amendment in order to (a) correct a manifest error of law or fact; or (b) consider any newly discovered evidence affecting the outcome of the Court's judgment denying habeas relief. The Court first considers whether relief under Fed. R. Civ. P. 59(e) is proper with respect to Cook's claims of ineffective assistance of trial counsel (1, 2, 4, 5), and second considers whether relief under this rule is proper with respect to Cook's claims of prosecutorial misconduct (3, 6).

**A. Cook's motion to alter or amend on the basis of ineffective assistance of counsel is denied.**

Cook argues the Court's denial of habeas relief on grounds of ineffective assistance of counsel rests on manifest error. Specifically, Cook argues he is entitled to § 2255 relief based on trial counsel's ineffective assistance relative to the investigation of certain evidence, counsel's advice for the proffer session, counsel's failure to seek dismissal of the indictment, and counsel's failure to object to the Government's production of recorded privileged communications.

A claim of ineffective assistance requires (1) deficient performance of counsel; and (2) prejudice to the defense, "creating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woods v. Norman, 825 F.3d 390, 394 (8th Cir. 2016) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984) (internal quotation marks omitted).

**1. IAOC for failure to investigate**

The Court denied Cook's claim for habeas relief for IAOC that trial counsel failed to adequately investigate. First, the Court found counsel was not ineffective by advising Cook to

3

plead guilty before the forensic examination of Cook's computers was complete, and even if this advice amounted to ineffective assistance, Cook could not demonstrate a reasonable probability that but for counsel advising Cook to plead guilty before the forensic examination was complete, Cook would not have pleaded guilty when he did. (Doc. #35); Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective assistance of counsel requires deficient performance and prejudice). Second, the Court found counsel was not ineffective for failure to investigate because counsel's decisions pertaining to the phone records, potential witnesses, and the victim's disability were decisions within the range of reasonable strategic choice under the totality of the circumstances. (Doc. #35); Strickland, 466 U.S. at 688-89 ("A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.").

Cook argues he is entitled to relief under Fed. R. Civ. P. 59(e) because the Court's conclusions conflict with Cook's sworn declaration and the facts in the habeas petition such that this Court has improperly made a credibility finding without an evidentiary hearing. In addition, Cook argues the record does not support the Court's conclusion that counsel's decisions not to hire a phone records expert, interview the three witnesses identified, and/or look into the victim's disability are reasonable strategic decisions.

Cook also asserts the Court's judgment on the failure to investigate claim should be reevaluated in light of new evidence. Cook asserts that Cook's phone records which were previously unavailable indicate at least one occasion in the course of the underlying criminal conspiracy wherein Cook was not in Lebanon, Missouri when the Government alleges he was present there. Cook acknowledges that while this evidence does not account for every occasion the

Government alleged Cook was in Lebanon, it shows evidence is available that contradicts the Government's assertions and it is reasonable to expect that investigation of other dates and records would further undermine the Government's allegations against Cook, and at a minimum, a hearing is necessary on this claim.

### a. Computers

Cook argues counsel was ineffective for failing to conduct a full investigation of the electronic content of Cook's computers and but for counsel's failure, Cook would not have pleaded guilty when he did. The Court found counsel was not ineffective because even if a more in-depth investigation of Cook's computers had been performed, incriminating communications consistent with the criminal conduct to which Cook pleaded would still have been present, thus undermining Cook's ability to show prejudice. The motion for Fed. R. Civ. P. 59(e) on this point is denied.

### b. Phone records

Cook argues counsel was ineffective for failing to hire an expert to review the pertinent phone records in this case. Cook asserts the case against him relied heavily on telephone records and expert testimony would have been able to confirm that Cook was not in Lebanon on all of the occasions that the Government alleged he was there. The Court found counsel's decision not to hire an expert to review the phone records after Cook decided to plead guilty was one of reasonable strategy since counsel's office had already reviewed the phone records in detail and Cook had admitted to being in Lebanon twice. The motion to alter or amend based on the failure to hire a phone records expert after Cook decided to plead guilty is denied.

Cook next points to new evidence not previously available as a basis for relief under Fed. R. Civ. P. 59(e). The Court granted Cook discovery and counsel subpoenaed phone records from Sprint for expert review. In June 2019, full records were finally received, allowing Cook's expert

5

Case 4:16-cv-01072-BCW   Document 82   Filed 06/25/21   Page 5 of 14
Appellate Case: 21-2499   Page: 50   Date Filed: 07/07/2021 Entry ID: 5052447   July 7 2021 p24

to determine that Cook was not in Lebanon on July 4, 2007, when the Government alleged Cook to be there. In opposition to the motion to alter or amend, the Government argues the record does not show due diligence in obtaining this alleged new evidence, the evidence is cumulative, and Cook cannot show prejudice.

Cook argues that at a minimum an evidentiary hearing is required in light of this new phone record evidence that Cook was not in Lebanon on one of the occasions when the Government alleged him to be there engaged in criminal conduct. Cook relies on phone records for one occasion to assert there must be other occasions in which the Government alleged Cook was in Lebanon but Cook's phone records demonstrate he was not in fact there. Notwithstanding Cook's arguments, there is no basis to alter or amend the judgment denying habeas relief for IAOC stemming from a failure to investigate phone records because when Cook pleaded guilty, other evidence undermined the Government's allegations that Cook was in Lebanon on every occasion the Government alleged him to be there. Specifically, counsel was aware that Cook's friends testified he had been with them in St. Genevieve, Missouri at certain times when the Government alleged Cook had been in Lebanon. Moreover, even if Cook was not in Lebanon on July 4, 2007, he otherwise admitted to being in Lebanon and at the residence of his co-defendant on multiple occasions as part of his guilty plea. The Court thus denies Cook's motion to alter or amend the judgment for ineffective assistance based on the asserted failure to adequately investigate the phone records in this case.

### c. Alibi witnesses

Cook argues counsel was ineffective because she did not investigate witnesses who would have testified that Cook was not where the Government alleged him to be on certain occasions. Cook argues counsel did not adequately investigate these alibi witnesses. Counsel's affidavit in

6

this case states she did interview several of Cook's friends and understood some of them to have been with Cook at certain times when the Government alleged that Cook was in Lebanon, Missouri. Though Cook seeks to establish he would not have pleaded guilty when he did if counsel had sought to interview Adam Basler, Tom Weber, or Mark Uhles, Cook asserts these alibi witnesses would have testified to being with Cook at times when the Government alleged he was in Lebanon. Counsel indicated she spoke with several of Cook's friends, who testified to the same, and the record does not state what other or different information Basler, Weber, or Uhles would have provided. Moreover, counsel indicated she spoke with Uhles, and other close friends of Cook. The motion to alter or amend the judgment on this point is denied.

### d. Victim's alleged disability

Cook argues counsel was ineffective because she did not investigate the victim's alleged disability, even after receiving information that the victim had been working as a stripper. Cook seeks to establish that had counsel investigated this point further, there is a reasonable probability that he would not have pleaded guilty. The record includes counsel's statement that she investigated the "alleged victim and her purported disabilities" "extensively," but she stopped the investigation once Cook entered his guilty plea. As previously set forth, counsel's decision not to investigate "is assessed for reasonable in all the circumstances applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 690-91.

Cook points to persuasive authority to argue the Court may not consider a decision to be one of reasonable strategy unless counsel makes a statement to that effect. (Doc. #73) (citing Davis v. Lambert, 488 F.3d 1052, 1064 (7th Cir. 2004); Harris v. Reed, 894 F.3d 871, 878 (7th Cir. 1999); Alcala v. Woodford, 334 F.3d 862, 871 (9th Cir. 2003). However, such a requirement seems to contradict the "strong presumption that counsel's conduct falls within the wide range of

7

reasonable professional assistance; that is . . . that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 688-89. On this basis, and in the absence of Eighth Circuit authority directing another conclusion, the Court finds counsel was not ineffective in ceasing her investigation into the victims' disability once Cook pleaded guilty. The motion to alter or amend is denied on this point.

### 2. IAOC pertaining to proffer session

The Court denied Cook's claim for habeas relief for ineffective assistance of trial counsel based on her advice to Cook relative to his proffer session with the Government. The Court concluded counsel was not ineffective because the proffer agreement set forth the terms of the proffer session, and those terms were consistent with counsel's recollection of the circumstances surrounding the proffer session. The Court further found even if trial counsel did provide deficient advice, Cook could not show prejudice because he had voluntarily met with the FBI prior to the proffer session before he was indicted without counsel.

Cook argues these findings are based on manifest error and are subject to alteration or amendment because in denying Cook's claim for ineffective assistance in reference to the affidavit of Cook's counsel, the Court made an improper credibility finding without an evidentiary hearing. Cook also argues he meets Strickland's prejudice requirement because the case against him would have been weaker but for the "mass of significant information" he gave during the proffer session. (Doc. #73) (citing Heard v. Addison, 728 F.3d 1179, 1184 (10th Cir. 2013)).

Despite these arguments, even relying on Cook's representations that trial counsel told him he would be immune from prosecution, Cook cannot show prejudice from any deficient performance because he has not shown the evidence upon which he was indicted and convicted was related to proffer session, as opposed to Cook's voluntary statements when he met with the

8

FBI without counsel and/or the execution of the search warrant at Cook's residence. The Fed. R. Civ. P. 59(e) motion is denied.

### 3. IAOC for failure to act on recordings of privileged communications

After holding an evidentiary hearing relating to the Government's production of two phone calls between Cook and his counsel recorded while Cook was in pretrial detention, the Court denied habeas relief based on ineffective assistance on the basis that the record did not demonstrate prosecutorial misconduct. The Court found, based on the hearing testimony, that the Government's possession of privileged communications did not prejudice Cook or create a substantial threat of prejudice because even if the privileged communications were available to the prosecuting team, there is no evidence the content the privileged communications was ever communicated to the prosecuting team in that no one listened to the two calls between Cook and counsel.

Based on this conclusion, trial counsel was not ineffective for failing to object to the Government's production of the recorded calls and/or for failing to file a motion to dismiss the indictment because the record does not show prosecutorial misconduct. Thus, counsel's failure to object and/or file a motion to dismiss the indictment was a reasonable strategic decision and not deficient performance. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). The motion to alter or amend the Court's conclusion that trial counsel was not ineffective relative to the two recorded phone calls is denied.

Based on the foregoing, the motion to alter or amend the Court's judgment denying Cook's petition for habeas corpus relief for ineffective assistance of counsel is denied.

### B. Cook's motion to alter or amend on the basis of prosecutorial misconduct is denied.

Cook argues the Court's denial of habeas relief on grounds of prosecutorial misconduct rests on manifest error. Specifically, Cook asserts the judgment should be altered or amended on

9

Case 4:16-cv-01072-BCW   Document 82   Filed 06/25/21   Page 9 of 14
Appellate Case: 21-2499   Page: 54   Date Filed: 07/07/2021 Entry ID: 5052443   July 7 2021 p28

the basis of prosecutorial misconduct stemming from asserted undue witness influence, interference with Cook's conditions of confinement, interference with Cook's relationship with counsel, and for the failure to produce exculpatory phone record evidence.

Demonstration of that right to habeas relief based on prosecutorial misconduct requires (a) improper conduct or statements by the prosecutor; and (b) prejudicial effect on the defendant's substantial rights thus resulting in the deprivation of a fair trial. United States v. Alaboudi, 786 F3d 1136, 1141 (8th Cir. 2015) (citing United States v. Davis, 534 F.3d 903, 914 (8th Cir. 2008)). As prosecutorial misconduct specifically relates to Sixth Amendment rights, violation of the right to counsel requires demonstration of (a) the prosecutor's knowing intrusion into confidential communications; and (b) demonstrable prejudice or a substantial threat thereof. United States v. Singer, 785 F.2d 228, 234 (8th Cir. 1986) (citing Weatherford v. Busey, 429 U.S. 545 (1976)). Factors relevant to the determination of whether the petitioner has shown the requisite prejudice for relief based on prosecutorial misconduct include (1) the cumulative effect of the prosecutorial misconduct at issue; (2) the strength of the evidence properly admitted against the defendant; and (3) any curative action. Graves v. Ault, 614 F.3d 501, 507-08 (8th Cir. 2010).

### 1. Improper witness influence

The Court denied habeas relief on Cook's argument that the Government improperly influenced other inmates housed at Cook's pretrial detention facility to provide information against Cook to the Government to assist in the prosecution. The Court concluded Cook had pleaded guilty such that there was no trial testimony against him, nor did Cook provide an adequate factual basis for the conspiracy against him or how the Government improperly influenced inmates to provide information against Cook.

10

In support of the motion to alter or amend, Cook argues this conclusion overstates the factual basis Cook is required to present in order to necessitate a hearing and Cook is entitled to a "full opportunity for presentation of the relevant facts." (Doc. #73) at 5 (citing Blackledge v. Allison, 431 U.S. 83-84 (1977); Watson v United States, 493 F.3d 960, 964 (8th Cir. 2007)). In opposition, the Government argues Cook's allegations do not substantiate any bad acts on the part of the Government.

A petitioner is entitled to a hearing on a § 2255 claim unless the claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Watson, 24 F.3d at 963; 28 U.S.C. § 2255 (petitioner entitled to evidentiary hearing unless the motion and record show no right to relief). Cook's assertions that the Government conspired with other inmates against him is facially inadequate and the motion to alter or amend the judgment on this basis is denied.

### 2. Conditions of confinement

The Court denied habeas relief on Cook's argument that the Government was involved in Cook's placement in solitary confinement within the pretrial detention facility.

Cook argues he is entitled to relief on this claim because at a minimum he alleged enough to require an evidentiary hearing about the decision to place him in solitary confinement. In opposition, the Government argues the issue of the conditions of Cook's confinement were litigated in the course of the criminal case against Cook, and the conditions were determined to be warranted. Cook's assertions of the Government's improper involvement in the conditions of his confinement are insufficient to necessitate an evidentiary hearing and the motion to alter or amend is denied.

11

### 3. Interference with attorney-client relationship

The Court denied Cook's motion for habeas relief on the basis that the Government had improperly interfered in Cook's relationship with his counsel. Cook argues this conclusion should be altered or amended because the record presents an actual conflict of interest such that prejudice should be presumed. In opposition, the Government argues there is no conflict of interest because counsel for Cook's father did not represent Cook. The factual allegations supporting this claim are facially inadequate and do not equate to an actual conflict of interest or give rise to the inference of misconduct on the part of the Government. The Fed. R. Civ. P. 59(e) motion is thus denied.

### 4. Interference with attorney-client communications

The Court denied Cook's motion for habeas relief on the basis that the Government had interfered with Cook's relationship with his counsel relative to the phone calls recorded while Cook was in pretrial detention after holding an evidentiary hearing on this issue. After hearing evidence, the Court concluded the Government had not knowingly intruded on Cook's relationship with counsel. Though Cook argues he is entitled to relief under Fed. R. Civ. P. 59(e) because the Court's denial of this point is a mistake of fact, the Court finds no basis to disturb its fact findings after hearing evidence on this point. Cook's motion to alter or amend is denied.

### 5. Failure to produce exculpatory evidence

The Court denied Cook's motion for habeas relief on the basis of prosecutorial misconduct for the Government's failure to produce exculpatory electronic discovery. The Court concluded Cook had not shown a failure to produce Brady material because the Government had not completed their discovery productions at the time Cook decided to plead guilty. (Doc. #35) (citing Brady v. Maryland, 373 U.S. 83 (1963)). The Court also found Cook did not establish that the evidentiary material allegedly withheld was material and favorable to the defense.

12

In support of the motion under Fed. R. Civ. P. 59(e), Cook argues the Government's delay in producing the electronic discovery from Cook's computers is a proper subject for an evidentiary hearing. Cook argues his allegations are sufficient and to require him to state exactly what electronic files the Government should have produced applies an improper standard. In opposition, the Government argues the electronic productions were completed in March 2018 such that even if at the time Cook decided to plead guilty he did not yet have the complete electronic discovery, the exculpatory evidence sought is now available to him and Cook is now in a position to state exactly that which the Government failed to timely produce in violation of Brady.

A Brady violation requires suppression of evidence that is material and favorable to the defense. 373 U.S. at 87; United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009). Evidence is material if there is a reasonable probability that but for the failure to produce, the result of the proceeding would have been different. Id. Evidence is considered suppressed if the Government did not disclose it in time for the defendant to use it and the evidence was not otherwise available. United States v. Baranza, 45 F.3d 327, 334 (8th Cir. 2006).

Even if at the time Cook filed the petition for habeas relief in October 2016 he did not yet have all of the electronic discovery such that he could only refer to general exculpatory information, the Government represents that the entirety of the electronic discovery has been produced as of March 2018, before Cook filed the instant motion to alter or amend. As previously set forth, Cook has not established the evidence he alleges was improperly suppressed was material and/or how it would have been favorable to his defense, despite now having the Government's complete electronic discovery productions. The motion to alter or amend the Court's denial of Cook's claim based on Brady is denied.

Based on the foregoing, the motion to alter or amend the Court's judgment denying Cook's petition for habeas corpus relief for prosecutorial misconduct is denied.

**C. Cook's motion for reconsideration of a certificate of appealability is denied.**

The Court previously denied a certificate of appealability; Cook's motion to alter or amend seeks a certificate of appealability as to each ground raised in the Fed. R. Civ. P. 59(e) motion. A certificate of appealability is proper only upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Such circumstances are not present here. A certificate of appealability is thus denied. Accordingly, it is hereby

ORDERED Cook's Motion to Alter or Amend Judgment (Doc. #73), including the request for a certificate of appealability, is DENIED.

IT IS SO ORDERED.


Dated: June 25, 2021

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

BRADLEY COOK                        §
                                    §
            Petitioner              §
                                    §
        v.                          §        No. 16-CV-01072-W-BCW
                                    §        Crim. No. 10-CR-00244-W-BCW
UNITED STATES                       §
                                    §
            Respondent              §

## NOTICE OF APPEAL

Notice is hereby given that Bradley Cook, petitioner above named, appeals to

the United States Court of Appeals for the Eighth Circuit from the final judgment

entered in this action on September 28, 2020 (Doc. 71), and the order denying Mr.

Cook's motion under Rule 59(e), entered on June 25, 2021 (Doc. 82).

Respectfully submitted,

CARLYLE PARISH LLC

/s/ Elizabeth Unger Carlyle

Elizabeth Unger Carlyle
Kathryn B. Parish
6320 Brookside Plaza #516
Kansas City, MO  64113
Mo. Bar No. 41930
(816) 525-6540
elizabeth@carlyleparishlaw.com
ATTORNEYS FOR PETITIONER

1

**CERTIFICATE REGARDING SERVICE**

I hereby certify that on July 7, 2021, the foregoing was served by this court's

electronic filing system on:

Paul Becker
David Wagner
Asst. U.S. Attorneys
400 E. 9th St., Fifth Floor
Kansas City, MO 64106

/s/ Elizabeth Unger Carlyle
_____
Elizabeth Unger Carlyle

2

NOTICE OF APPEAL SUPPLEMENT

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| Case Caption: Cook v. United States | Case No. 16-cv-01072-BCW |
|---|---|

| Appellant: **Bradley Cook** | Appellee: **United States** |
|---|---|

| Appellant's Attorney(s): | Appellee's Attorney(s): |
|---|---|
| **Kathryn Parish**<br>Carlyle Parish, LLC<br>3407 Jefferson<br>Ste #128<br>Saint Louis, MO 63118<br>314-277-7670<br>Email: kay@carlyleparishlaw.com<br><br>**Elizabeth Unger Carlyle**<br>6320 Brookside Plaza #516<br>Kansas City, MO 64113<br>(816)525-6540<br>Fax: (866)764-1249<br>Email: elizabeth@carlyleparishlaw.com | **Paul S. Becker**<br>United States Attorney's Office-KCMO<br>400 E 9th Street<br>Suite 5510<br>Kansas City, MO 64106<br>(816)426-3122<br>Fax: (816)426-3126<br>Email: paul.becker@usdoj.gov<br><br>**David Wagner**<br>United States Attorney's Office-KCMO<br>400 E 9th Street<br>Suite 5510<br>Kansas City, MO 64106<br>816-426-3122<br>Email: david.wagner@usdoj.gov |

| Court Reporter(s):<br><br>Denise Halasey | Please return files and documents to:<br>**United States District Court**<br>**400 East 9th Street, Room 1510**<br>**Kansas City, MO   64106**<br><br>Contact Person for Appeal:<br>Jason_Terry@mow.uscourts.gov |
|---|---|

| Length of Trial:<br>N/A | Fee:<br>Paid | IFP:<br>No | Pending IFP Motion:<br>No |
|---|---|---|---|
| Counsel:<br>Retained | Pending Motions?<br>No | Local Interest?<br>No | Simultaneous Release?<br>No |

**Special Comments:**